Iddins Law Group, PS
Robert C. Iddins (WSBA #37177)
rob@iddinslaw.com
Cameron J. Pearson (WSBA # 48086)
cameron@iddinslaw.com
Christian C. Pearson (WSBA # 55534)
christian@iddinslaw.com
25052 104th Ave SE, Suite B
Kent, Washington 98030
Telephone:   253-854-1244
Facsimile:   253-852-4286
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEREK STENSON, as Personal Representative of the Estate of Joshua Ross Sarrett, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>KING COUNTY, a Washington State Government entity, and JACOB LEENSTRA and JANE DOE LEENSTRA, individually and the marital community comprised thereof, and DOES 1-10 inclusive,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. **Unreasonable Search and Seizure: Detention and Arrest (42 U.S.C. § 1983)**<br>2. **Unreasonable Search and Seizure: Excessive Use of Force (42 U.S.C. § 1983)**<br>3. **Substantive Due Process: (42 U.S.C. § 1983)**<br>4. **False Arrest/False Imprisonment**<br>5. **Battery**<br>6. **Negligence and or Deliberate Indifference**<br>7. **Wrongful Death and Survivorship**<br>8. **Negligent Infliction of Emotional Distress** |

**COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, DEREK STENSON, Personal Representative of the Estate of JOSHUA ROSS SARRETT on behalf of the Estate and on behalf of the statutory beneficiaries of DECEDENT, namely, S.S. and K.S., minor children of the DECEDENT, and alleges as follows:

**INTRODUCTION**

This civil rights action seeks compensatory and punitive damages from Defendants for violating Plaintiff's rights under the United States Constitution and under state law in connection with the fatal shooting of the DECEDENT.

**PARTIES**

1.1   At all times relevant hereto JOSHUA ROSS SARRETT ("DECEDENT") was an individual residing in King County Washington.

1.2   DECEDENT had two minor children, S.S., born April 18, 2013, and K.S., born October 8, 2016. The minor children currently reside with their mother.

1.3   Plaintiff DEREK STENSON is the court appointed Administrator/Personal Representative for the Estate of JOSHUA ROSS SARRETT under King County Case No. 20-4-06346-8 SEA and sues in a representative capacity as the Personal Representative of DECEDENT'S estate and seeks wrongful death and survival damages under federal and state law. DEREK STENSON resides in King County, Washington.

1.4   Defendant JACOB LEENSTRA is the officer who fatally shot DECEDENT. Defendant LEENSTRA was an employee of Defendant KING COUNTY, as a King County Sheriff's Deputy, acting under the color of state law, and he was acting within the course and

scope of his employment at all times relevant hereto. All the acts complained of herein against the Defendants were performed individually and on behalf of and for the benefit of Defendant KING COUNTY. Upon information and belief, Defendant LEENSTRA resides in Pierce County, Washington.

1.5 At all times relevant hereto, Defendant KING COUNTY is a governmental entity in Washington State, as defined in RCW 84.14.010, and existing under the laws of the State of Washington. At all relevant times, KING COUNTY was the employer of Defendant LEENSTRA and DOES 1-10, who were police officers of KING COUNTY'S Sheriff's office. On information and belief, DOES 1-10 were residents of King County. DOES 1-10 are sued in their individual capacity for damages only.

1.6 At all relevant times, DOES 1-10 were employees of Defendant KING COUNTY acting within the scope of their employment. Defendant LEENSTRA and DOES 1-10 were appointed officers/agents/employees of KING COUNTY subject to oversight and supervision by KING COUNTY'S officials.

1.7 In doing the acts and failing to act as described herein, Defendants LEENSTRA and DOES 1-10 acted on the implied and actual consent and permission of Defendant KING COUNTY.

1.8 At all relevant times, each KING COUNTY Defendant was the agent of each and every other KING COUNTY Defendant and had the duty to oversee and supervise the conduct of each and every KING COUNTY Defendant.

1.9     Plaintiffs, by and through their attorneys, filed a claim form with Defendant KING COUNTY on May 17, 2023, pursuant to RCW 4.96.020. More than 60 days have passed since the claim was filed with Defendant KING COUNTY.

1.10    Plaintiff, by and through his attorneys, reserves the right to identify additional Defendants at a later date. The true names of Defendants DOES 1-10 are unknown to Plaintiff, who therefore sue the Defendants under fictitious names that shall be amended, upon leave of the Court, to the true names of the Defendants when they have been ascertained.

## JURISDICTION AND VENUE

2.1     This civil action is brought for the redress of alleged deprivation of constitutional rights protected under 42 U.S.C. § 1983, 1985, 1986, 1988 and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is proper under 28 U.S.C. § § 1331, 1343 and 1367.

2.2     Venue is proper for this Court under 28 U.S.C. § 1391(b), as all incidents, events and occurrences giving rise to this cause of action occurred in King County, Washington, situated in the Western District of Washington.

## STATEMENT OF FACTS

3.1     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully restated herein.

3.2     On or about September 19, 2020, at or near 1:30 pm, DECEDENT was at his home, located at 510 8th Street SE, Auburn, Washington, with his sisters, Chantal Capps and Amanda Haynes and girlfriend, Taylor Nystrom.

3.3     On September 19, 2020, at approximately 3:00 pm, Defendant LEENSTRA was driving his clearly and conspicuously marked King County Sheriff's Office vehicle on 8th Street in Auburn when he was hailed to a stop by Capps and Haynes who were then on the side of the roadway.

3.4     Defendant LEENSTRA parked and exited his vehicle and began speaking with Capps and Haynes who expressed concerns their brother (DECEDENT) was heavily intoxicated.

3.5     DECEDENT exited the home at the request of Defendant LEENSTRA and after an exchange of words that lasted mere minutes, Defendant LEENSTRA opened fire and discharged his firearm no less than four (4) times, striking DECEDENT once in the chest and three (3) times in the back as he fell to the ground, causing DECEDENT serious physical injury and eventually killing him.

3.6     At the time of the encounter DECEDENT did not have a weapon in his hands, nor did he have anything in his hands that resembled a weapon. Decedent made no threatening gestures or sudden movements with a weapon that could reasonably be interpreted as threatening. No weapons were visible in the yard or anywhere within reach of the DECEDENT.

3.7     DECEDENT was standing in his front yard, a few steps away from his front porch, inside the gates and fenced yard on his property when he was shot. Defendant's LEENSTRA was standing in the middle of 8th Street SE, behind his King County Sheriff's truck. Upon information and belief, Defendant LEENSTRA was positioned more than 55 feet away from the DECEDENT'S position. DECEDENT posed no immediate threat to Defendant LEENSTRA, DOES 1-10 or any other person, as he was unarmed throughout the encounter and positioned at a great distance from Defendant LEENSTRA.

3.8     After shooting DECEDENT, Defendant LEENSTRA approached him and applied handcuffs prior to administering any first aid or requesting any medical aid. DECEDENT was pronounced deceased at 3:35 pm.

3.9     On information and belief, LEENSTRA and DOES 1-10 had no information that DECEDENT had committed a felony.

3.10    The entire interaction between Defendant LEENSTRA and DECEDENT lasted less than 6 minutes. Defendant LEENSTRA did not employ any de-escalation tactics despite having knowledge the DECEDENT was heavily intoxicated nor did Defendant LEENSTRA ask DECEDENT if he had a weapon or where it was located.

3.11    Defendant LEENSTRA failed to warn DECEDENT that deadly force would be used against him.

3.12    DECEDENT made no threats, threatening movements, or gestures towards the Deputy or any of the other parties present.

3.13    Immediately following the shooting of DECEDENT by Defendant LEENSTRA, Defendant KING COUNTY then deployed additional deputies and other personnel to conduct interviews with witnesses, in direct violation of RCW 10.114.011.

3.14    No compelled statement was provided by Defendant LEENSTRA until well after the shooting and there is no record of the compelled statement by any other law enforcement agencies that were assigned to the Valley Independent Investigation Team regarding the shooting.

## I.   FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)**

4.1   Plaintiffs repeat and reallege each and every allegation in paragraphs 1.1 through 3.14 of this Complaint with the same force and effect as if fully set forth herein.

4.2   Plaintiff alleges that Defendant LEENSTRA, acting under the Color of Law and in his capacity as a Deputy of the King County Sheriff's Office, violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed by the Fourth Amendment of the United States Constitution, by shooting the DECEDENT and placing DECEDENT in handcuffs, though no crime had been committed.

4.3   DECEDENT was subdued without reasonable suspicion, and arrest was attempted without reasonable cause, as DECEDENT was not armed and not threatening anyone with a gun or otherwise.

4.4   As a result of the conduct of Defendant LEENSTRA on behalf of Defendant KING COUNTY, Defendants are liable for DECEDENT's injuries, because they were participants of the violation of DECEDENT's rights.

4.5   Defendant KING COUNTY is vicariously liable for the wrongful acts of Defendant LEENSTRA, as he was acting within the course and scope of his employment as a King County Sheriff's Deputy.

4.6   The conduct of Defendant LEENSTRA, in his professional capacity, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages.

4.7   Plaintiffs also seek attorney's fees under this claim.

## II.     SECOND CLAIM FOR RELIEF

## EXCESSIVE USE OF FORCE (42 U.S.C. § 1983)

### (Wrongful Death)

5.1     Plaintiffs repeat and reallege each and every allegation in paragraphs 1.1 through 4.7 of this Complaint with the same force and effect as if fully set forth herein.

5.2     Plaintiff alleges that Defendant LEENSTRA, acting under the color of law and in his capacity and on behalf of Defendant KING COUNTY, used unreasonable and unjustified force against DECEDENT, without first deploying de-escalation tactics or less than lethal force, depriving DECEDENT of his right to be secure in his person against unreasonable search and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution.

5.3     As a result of the conduct of Defendant LEENSTRA, DECEDENT suffered extreme mental and physical pain and suffering, loss of life and loss of earning capacity. Plaintiffs were also deprived of his life-long love, companionship, comfort, support, society and care, and will remain deprived for the rest of their natural lives. Plaintiffs are also claiming loss of financial support for the minor children and any other relief the Court may deem just and proper.

5.4     This use of deadly force against DECEDENT was excessive and unreasonable under the circumstances. DECEDENT was not reaching for, nor had he brandished a weapon or made any threats to do so, when he was fatally shot by Defendant LEENSTRA, including 3 shots rapidly fired at DECEDENT's back.

5.5     Defendant KING COUNTY is vicariously liable for the wrongful acts of Defendant LEENSTRA, as he was acting within the scope and course of his employment as a King County Sheriff's Deputy.

5.6     The conduct of Defendant LEENSTRA was willful, wanton, malicious and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages.

5.7     Plaintiff, Derek Stenson, brings this claim as the Personal Representative of the Estate of Joshua Ross Sarrett, for and in favor of the minor children, and seeks survival damages for the violation of DECEDENT's clearly established rights.

5.8     Plaintiffs also seek attorney's fees under this claim.

### III.     THIRD CLAIM FOR RELIEF

### SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)

6.1     Plaintiffs repeat and reallege each and every allegation in paragraphs 1.1 through 5.8 of this Complaint with the same force and effect as if fully set forth herein.

6.2     Plaintiff alleges that DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of the rights to life, liberty or property in such a manner as to shock the conscience.

6.3     As a result of the excessive use of deadly force by Defendant LEENSTRA, Joshua Sarrett was fatally wounded, thereby depriving him of his constitutional right to a familial relationship with his minor children.

6.4     The aforementioned actions of Defendant LEENSTRA, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of the DECEDENT, with purpose to harm, unrelated to any lawful law enforcement objective.

6.5     As a direct and proximate cause of the conduct of Defendant LEENSTRA, Plaintiff and minor children of the DECEDENT have been injured in body and mind with the loss of life-long love, companionship, comfort, support, society and care of the DECEDENT, and will continue to be deprived for the remainder of their natural lives.

6.6     Defendant KING COUNTY is vicariously liable for the wrongful acts of Defendant LEENSTRA, as he was acting within the course and scope of his employment as a King County Sheriff's Deputy.

6.7     The conduct of Defendant LEENSTRA was willful, wanton, malicious and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages.

6.8     Plaintiffs also seek attorney's fees under this claim.

### IV.     FOURTH CLAIM FOR RELIEF

### FALSE ARREST/FALSE IMPRISONMENT (Common Law)

### (Wrongful Death)

7.1     Plaintiffs repeat and reallege each and every allegation in paragraphs 1.1 through 6.8 of this Complaint with the same force and effect as if fully set forth herein.

7.2     The conduct of Defendant LEENSTRA, working as an officer for Defendant KING COUNTY, under the color of law and acting within the course and scope of his

employment, intentionally deprived DECEDENT of his freedom of movement by use of excessive force, deadly force and unreasonable duress, by shooting DECEDENT before properly deploying less than lethal tactics, or de-escalation tactics and without warning, without probable cause or reasonable suspicion.

7.3     DECEDENT did not knowingly or voluntarily consent and was unable to consent due to his high level of intoxication.

7.4     Defendant KING COUNTY is vicariously liable for the wrongful acts of Defendant LEENSTRA, as LEENSTRA was acting within the course and scope of his employment as a King County Sheriff's Deputy.

7.5     The conduct of Defendant LEENSTRA was willful, wanton, malicious, oppressive and accomplished with a conscious disregard for the rights of DECEDENT.

7.8     This claim is brought as a wrongful death claim as governed by the laws of the State of Washington.

7.9     Plaintiffs also seek attorney's fees under this claim.

### V.     FIFTH CLAIM FOR RELIEF

**Battery (Common Law)**

**(Wrongful Death)**

8.1     Plaintiffs repeat and reallege each and every allegation in paragraphs 1.1 through 7.9 of this Complaint with the same force and effect as if fully set forth herein.

8.2     Defendant LEENSTRA, while acting under the color of law, acting within the course and scope of his employment, used force against DECEDENT, resulting in the

DECEDENT's death. DECEDENT suffered severe mental and physical pain and suffering, loss of enjoyment of life and lost earning capacity.

8.3     Defendant LEENSTRA had no legal justification for using force against DECEDENT, as the DECEDENT was more than 55 feet away, unarmed and intoxicated. Furthermore, DECEDENT was not making threats, nor was he in the commission of a crime during the use of deadly force. No less than lethal force was ever initiated by Defendant LEENSTRA. There was no imminent threat to the life of the deputy, nor the other parties by DECEDENT.

8.4     As a result of the conduct of Defendant LEENSTRA, DECEDENT'S children have been deprived of the life-long love, companionship, comfort, society and care of the DECEDENT, and will continue to be deprived thereof for the rest of their natural lives.

8.5     Defendant KING COUNTY is vicariously liable for the wrongful acts of Defendant LEENSTRA, as Defendant LEENSTRA was acting within the course and scope of his employment as a King County Sheriff's Deputy.

8.6     This claim is brought as a wrongful death claim as governed by the laws of the State of Washington.

8.7     Plaintiffs also seek attorney's fees under this claim.

### VI.     SIXTH CLAIM FOR RELIEF

### NEGLIGENCE

### (Wrongful Death; Against All Defendants)

9.1     Plaintiffs repeat and reallege each and every allegation in paragraphs 1.1 through 8.7 of this Complaint with the same force and effect as if fully set forth herein.

9.2   The actions of Defendants were negligent and reckless with clear indifference, including but not limited to:

(a)   Defendant LEENSTRA's failure to reasonably deescalate the situation prior to the use of deadly force.

(b)   Defendant LEENSTRA's failure to use reasonable care to avoid the use of deadly force.

(c)   Defendant LEENSTRA's failure to follow reasonable police procedures, common to law enforcement, calculated to avoid the use of deadly force.

(d)   Defendant LEENSTRA's failure to reasonably respond to clear signs of intoxication.

(e)   Defendant LEENSTRA's failure to reasonably ascertain or attempt to ascertain relevant information and/or evidence, including, but not limited to, whether a crime was or had been committed or the existence of a weapon on the DECEDENT's person, necessary to determine the need for deadly force, prior to the use of deadly force.

(f)   DOES 1-10's failure to train employees to properly and adequately train employees with regard to the use of deadly and non-deadly force.

(g)   DOES 1-10's failure to properly and adequately train employees to assess the need to detain, arrest and use force, including deadly force.

(h)   DOES 1-10's failure to properly and adequately train employees against individuals who are not in the commission of a crime.

(i) DOES 1-10's failure to properly and adequately train employees of de-escalation tactics, including pre-shooting negligence.

(j) DOES 1-10's failure to properly and adequately train employees of negligent detention, arrest and use of deadly force.

(k) DOES 1-10's failure to ensure there were staff appropriately educated and available to meet the needs of DECEDENT.

9.3 As a direct result and proximate cause of Defendants' conduct, DECEDENT suffered severe pain and suffering and ultimately died and lost earning capacity. Plaintiff and minor children also suffered severe mental anguish, loss of life-long love, companionship, comfort, support, society and care of DECEDENT and will continue to be deprived for the remainder of their natural lives.

9.4 Defendant KING COUNTY is vicariously liable for the wrongful acts of Defendant LEENSTRA, as Defendant LEENSTRA was acting within the course and scope of his employment with the King County Sheriff's Office.

9.5 Defendant KING COUNTY is vicariously liable for the conduct of employees responsible for training and supervising Defendant LEENSTRA.

9.6 Plaintiff brings this claim for and in favor of DECEDENT's minor children.

## VII.   SEVENTH CLAIM FOR RELIEF

**WRONGFUL DEATH AND SURVIVORSHIP CLAIMS (RCW 4.20 and Common Law)**

10.1 Plaintiffs repeat and reallege each and every allegation in paragraphs 1.1 through 9.6 of this Complaint with the same force and effect as if fully set forth herein.

10.2    As a direct and proximate result of the conduct of Defendants, DECEDENT suffered great bodily injuries, immense pain and suffering prior to death, death and other general and special damages to be proven at the time of trial.

10.3    DECEDENT's causes of action survive his death and are brought by Derek Stenson, as the Personal Representative of Joshua Sarrett's Estate.

10.4    Defendant KING COUNTY is vicariously liable for the actions of Defendant LEENSTRA, as he was acting within the course and scope of his employment with the King County Sheriff's Office.

10.5    As a proximate cause of the negligent conduct of Defendants, Plaintiffs sustained general damages under RCW 4.20 in amounts to be proven at the time of trial.

## VIII.   EIGHTH CLAIM FOR RELIEF

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (Common Law)**

11.1    Plaintiffs repeat and reallege each and every allegation in paragraphs 1.1 through 10.5 of this Complaint with the same force and effect as if fully set forth herein.

11.2    As a direct and proximate cause, Defendants negligently caused physical injury and death to DECEDENT. The use of deadly force was excessive, unreasonable and unjustified. Defendant LEENSTRA was negligent in discharging his firearm multiple times, striking DECEDENT in the chest once and three times in the back, without deploying less than lethal options, de-escalation tactics and absent any warning that deadly force would be used.

11.3    As a result of Defendants' conduct, DECEDENT suffered severe emotional distress, including but not limited to, humiliation, shock, shame, and fear of impending death.

11.4 Defendant KING COUNTY is vicariously liable for the actions of Defendant LEENSTRA, as Defendant LEENSTRA was acting within the course and scope of his employment with the King County Sheriff's Office.

11.5 Plaintiffs sustained general damages authorized by RCW 4.20 in amounts to be proven at the time of trial.

## IX.   RESERVATION

12.1 Plaintiffs' investigation is ongoing. Subsequent discovery may reveal additional facts and evidence on the part of the Defendants or their agents, as not all investigative reports have been provided to Plaintiffs or their counsel. Specifically noted, Defendant LEENSTRA's compelled statement has not been produced, and it is unknown if other information exists that Plaintiffs and their counsel are unaware of.

12.2 The exact nature and full extent of Plaintiffs' injuries are not yet known; Plaintiffs may have additional claims or causes of action.

12.3 Plaintiffs reserve the right to subsequently amend the complaint to conform to the evidence that becomes available.

## X.   LIMITED MEDICAL WAIVER

13.1 Plaintiffs hereby waive the physician-patient privilege only to the extent required by RCW 5.60.060, as limited by Plaintiff's constitutional rights of privacy, contractual rights of privacy, and the ethical obligation of physicians and attorneys not to engage in ex parte contact between a treating physician and the patient's legal adversaries.

## XI.  PRAYER FOR RELIEF

14.1   Wherefore, Plaintiffs request entry of judgment in their favor and against Defendants KING COUNTY and JACOB LEENSTRA, inclusive and as follows:

(a)   For compensatory damages in excess of $1,000,000.00, including both survival damages and wrongful death damages under applicable federal and state laws, in the amount to be proven at the time of trial;

(b)   For loss of financial support, emotional distress, loss of affection, loss of advice, loss of companionship, loss of counsel, and other damages sustained by the DECEDENT's minor children;

(c)   For punitive damages against the individual Defendant in an amount to be proven at trial;

(d)   For reasonable attorney's fees; and

(e)   For such further relief as the Court deem just, appropriate and proper.

14.2   The full nature and extent of which will be proven at trial, together with attorney's fees, costs and disbursements herein, as well as other such relief as the Court deems just and equitable.

IDDINS LAW GROUP PS
25052 104TH AVE. SE, STE. B
KENT, WA 98030
P: 253-854-1244 • F: 253-852-4268

1  DATED this 24 day of August, 2023.

IDDINS Law Group PS

_____
Cameron J. Pearson, WSBA #48086
Robert C. Iddins WSBA #37177
Christian C. Pearson WSBA # 55534
Attorneys for the Plaintiff