UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEREK STENSON, <br><br> Plaintiff, <br><br> v. <br><br> KING COUNTY, et al., <br><br> Defendants. | CASE NO. C23-1316 MJP <br><br> ORDER GRANTING JOINT MOTION FOR RECONSIDERATION |

This matter comes before the Court on the Parties' Joint Motion for Reconsideration of the Discrete Issue of Plaintiff's Unreasonable Search and Seizure Claim. (Dkt. No. 59.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion.

In their Joint Motion, the Parties argue that the Court erred by stating that Defendants had not moved for summary judgment on Plaintiff's Fourth Amendment unreasonable search and seizure claim. (Mot. at 1-2 (citing Order on MSJ at 13 (Dkt. No. 56)).) Defendants note that they asked for summary judgment on this claim in a portion of their Motion and briefly addressed it in the reply. (Id. at 2.) Plaintiff also notes that he provided a 10 line response in opposition. (Id.)

ORDER GRANTING JOINT MOTION FOR RECONSIDERATION - 1

1    The Court agrees with the Parties that Defendants adequately sought summary judgment
2    on this claim and the Court should have ruled on the request. Accordingly, the Court finds that
3    reconsideration is warranted under Local Civil Rule 7(h), as withholding ruling on this issue
4    would constitute manifest error.
5    Upon reconsideration, the Court finds that Defendants are entitled to summary judgment
6    in their favor on Plaintiff's Fourth Amendment search and seizure claim.
7    "In the context of a § 1983 action, a Fourth Amendment violation occurs when a person
8    is arrested 'without probable cause or other justification.'" Vanegas v. City of Pasadena, 46 F.4th
9    1159, 1164 (9th Cir. 2022) (quoting Lacey v. Maricopa County, 693 F.3d 896, 918 (9th Cir.
10   2012) (en banc)). But "[i]f an officer has probable cause to believe that an individual has
11   committed even a very minor criminal offense in his presence, he may, without violating the
12   Fourth Amendment, arrest the offender." Atwater v. City of Lago Vista, 532 U.S. 318, 354
13   (2001). "Probable cause exists if the arresting officers 'had knowledge and reasonably
14   trustworthy information of facts and circumstances sufficient to lead a prudent person to believe
15   that [the arrestee] had committed or was committing a crime.'" Gravelet-Blondin v. Shelton, 728
16   F.3d 1086, 1097-98 (9th Cir. 2013) (alteration in original) (quoting Maxwell v. County of San
17   Diego, 697 F.3d 941, 951 (9th Cir. 2012)). "In determining whether there was probable cause to
18   arrest, we look to 'the totality of circumstances known to the arresting officers, [to determine if]
19   a prudent person would have concluded there was a fair probability that[the defendant] had
20   committed a crime.'" Crowe v. Cnty. of San Diego, 608 F.3d 406, 432 (9th Cir. 2010) (quoting
21   United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986)). "While evidence supporting probable
22   cause need not be admissible in court, it must be 'legally sufficient and reliable.'" Id. at 432-33
23   (quoting Franklin v. Fox, 312 F.3d 423, 438 (9th Cir. 2002)). "Probable cause is not a high
24

bar"—"[i]t requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." District of Columbia v. Wesby, 583 U.S. 48, 57 (2018).

The Court finds that Leenstra had probable cause to arrest Sarrett on the day of the shooting and, as a result, Plaintiff cannot pursue a Fourth Amendment search and seizure claim. Construing the evidence in Plaintiff's favor, as the Court must, there is uncontroverted evidence that Leenstra received reliable evidence from Sarrett's sisters that Sarrett illegally possessed a weapon and had assaulted his sister earlier that day by pointing the weapon at her. (See Order on MSJ at 17.) Additionally, Leenstra believed Sarrett had the weapon in his pocket at the time of their interaction. (See id.) Given the existence of probable cause, Leenstra's decision to arrest Sarrett was not unreasonable. Plaintiff cannot pursue his Fourth Amendment search and seizure claim. See Atwater, 532 U.S. at 354. The Court therefore GRANTS summary judgment in Defendants' favor on this claim. The Court notes that this ruling does not alter the Court's denial of summary judgment as to Plaintiff's Fourth Amendment excessive force claim.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 23, 2024.

Marsha J. Pechman
United States Senior District Judge